AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas  ☑

| | |
|---|---|
| United States of America<br>v.<br><br>COLE UNDERWOOD | )<br>)<br>)  Case No.<br>)      2:24-MJ-053<br>)<br>)<br>) |

*Defendant(s)*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JUN – 3 2024
CLERK, U.S. DISTRICT COURT
By_____
Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 2023, to April 23, 2024  in the county of  Ochiltree  in the

Northern  District of  Texas  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2422(b) | Enticement and Attempted Enticement of a Minor |

This criminal complaint is based on these facts:

See attached affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Nathan Newland, Special Agent
*Printed name and title*

Sworn to before me via telephone pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), .,

Date:  6/3/24

_____
*Judge's signature*

City and state:          Amarillo, Texas          Lee Ann Reno,  U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1.      My name is Nathan Newland.  I am a Special Agent (SA) employed by the Federal Bureau of Investigation (FBI), United States Department of Justice, and I have been so employed for 4 years.  I have been assigned to the Amarillo, Texas, Resident Agency for my entire tenure as an SA.  As a SA assigned to work in a small resident agency office, I have been involved with many different types of investigations to include child exploitation and child pornography.  As an FBI SA, I am authorized to investigate crimes involving the sexual exploitation of children, in violation of Title 18, United States Code, Section 2422(b), enticement and attempted enticement of a minor.

2.      Section 2422(b) makes it a federal offense to use the mail or any facility or means of interstate commerce, including by a computer or cell phone, or within the special maritime and territorial jurisdiction of the United States, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so.  There are four elements to this offense:

| | |
|---|---|
| *First.* | That the defendant knowingly persuaded, induced, enticed, or coerced, or attempted to persuade, induce, entice, or coerce, an individual to engage in any sexual activity, as charged; |
| *Second.* | That the defendant used the Internet, a telephone, a cell phone, or any facility or means of interstate or foreign commerce to do so; |
| *Third.* | That the defendant believed that such individual was less than 18 years of age; |
| *Fourth.* | That, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of a violation of Texas Penal Code Section 21.11 (Indecency with a Child) which makes it a crime |

1

to intentionally or knowingly engage in sexual contact with a child younger than 17; or with the intent to arouse or gratify the sexual desire of any person, expose the person's anus or any part of the person's genitals, knowing that a child younger than 17 is present; or cause a child younger than 17 to expose the child's anus or any part of the child's genitals.

3.     I am the case agent on a child sexual exploitation case in which Cole Underwood is the subject.  The information used to support this complaint was derived from reports and information obtained from interviews and investigations conducted by law enforcement related to the incident.  This complaint contains information necessary to establish probable cause to believe that the criminal offense described herein was committed by the defendant; it is not intended to discuss every fact and matter known to this investigation.  Moreover, to the extent that this complaint contains witness statements, those statements are set forth only in part and relevant substance and are intended to accurately relay the information but are not verbatim recitations.  All times are approximate.

4.     On May 7, 2024, I spoke with Ochiltree County Sheriff's Office (OCSO) Chief Deputy Wayne Floyd, who informed me that his office had an investigation concerning an inappropriate relationship between a local high school teacher and coach in Perryton, Texas, Cole Underwood, and a 15-year-old student, hereafter referred to as Jane Doe.  Perryton is located in Ochiltree County, which is in the Amarillo Division of the Northern District of Texas.

5.     OCSO Chief Deputy Floyd received information from the local high school Superintendent Gregg Brown that Cole Underwood had been put on administrative leave

2

and that there was a possible inappropriate relationship between Underwood and Doe. Brown stated that he had surveillance video that showed Underwood and Doe meeting alone on multiple occasions at the school after hours. These meetings occurred after Underwood had been given a specific directive to not be alone with Doe due to reports of inappropriate and personal contact between the two.

6.　　On April 23, 2024, and again on April 24, 2024, Doe was interviewed by Chief Deputy Floyd. During the interviews, Doe stated Underwood had sexual intercourse with her 13-to-14 times in Underwood's office. Doe also stated that the first time that she had sex was with Underwood in February of 2024. Doe stated that she had sent full nude photos of herself to Underwood on Snapchat which Underwood had hinted at wanting.

7.　　On April 23, 2024, Chief Deputy Floyd interviewed Underwood, who confessed to having sexual intercourse with Doe in excess of 10 times in his office. Underwood also stated that he had communicated with Doe on Snapchat.

8.　　On May 10, 2024, I received Doe's cellphone and a consent to search the device from Doe's father. A cursory search of the device showed multiple late-night conversations between Underwood and Doe to include a 6-hour-and-10-minute phone call at 11:28 pm from Underwood to Doe on December 25, 2023. Furthermore, the phone revealed frequent contact between Underwood and Doe on Snapchat. In some messages, Underwood referred to Doe as "wifey" and told her he loved her. Underwood also sent sexual and flirtatious messages via Snapchat that were saved on Doe's cell phone.

9.    On May 17, 2024, I served a subpoena to Perryton Independent School District (PISD) and received surveillance video showing meetings between Underwood and Doe in Underwood's office after hours. The surveillance cameras do not show the interior of Underwood's office.  On multiple dates Underwood can be seen propping the door open and Doe entering the building through the propped door. On April 12, 2024, surveillance video shows Underwood going through the building and shutting off lights, and approximately 15 minutes later, Doe entered through the propped door and followed the route where Underwood had turned off the lights and proceeded to Underwood's office.

10.    PISD used an application called ParentSquare for teachers, students, and parents to communicate with one another. On multiple occasions, Underwood and Doe communicated directly with one another.  Those communications correspond with the afterhours meetings between Underwood and Doe that are seen on video surveillance. On April 12, 2024, Doe messaged Underwood saying: "can you please prop the door open around 2:45 so i can get into the training room." Underwood replied: "Sure".  At that time, Doe was recorded on surveillance video entering through the propped door and proceeding to Underwood's office despite Underwood's apparent attempt to hide the action from surveillance cameras by turning off the lights along Doe's route.

11.    On May 31, 2024, I met with Doe at the Ochiltree County Sheriff's Department with Chief Deputy Floyd.  Doe explained how the relationship with Underwood developed.  Doe said that she added Underwood as a contact on Snapchat and she sent the first message to him.  From there, Underwood used Snapchat to establish

4

a personal friendship with Doe and invited her to his office for personal conversations where she confided in him about difficulties in her life. Around the Thanksgiving and Christmas holidays of 2023, Underwood began messaging Doe in a more personal and then sexual and flirtatious manner. Underwood used Snapchat to arrange sexual meetings with Doe where he would provide her detailed instructions on how to meet him at his office so as to avoid detection. Using Snapchat to coordinate the meetings and sexual encounters, Doe met Underwood on multiple occasions in his office where they engaged in sexual activity. Underwood engaging in sexual activity with Doe would be a criminal offense in violation of the laws of Texas, specifically Texas Penal Code Section 21.11 (Indecency with a Child) which makes it a crime to intentionally or knowingly engage in sexual contact with a child younger than 17; or with the intent to arouse or gratify the sexual desire of any person, expose the person's anus or any part of the person's genitals, knowing that a child younger than 17 is present; or cause a child younger than 17 to expose the child's anus or any part of the child's genitals. In addition to using Snapchat to flirt, arrange sexual encounters, and message about personal matters, Underwood sent Doe sexually explicit photographs of himself on Snapchat.

12.     From my training and experience, I know that all modern cell phones are means and facilities of interstate or foreign commerce. Specifically, cell phones, including the cell phones used by Underwood and Doe to communicate, operate as computers and utilize the Internet. Doe's cell phone was an Apple iPhone and I know that iPhones are manufactured in overseas facilities and thus, travel in interstate and foreign commerce before being used in the United States. Here, Underwood used the

5

Internet to communicate with Doe via Snapchat. Using Snapchat, Underwood persuaded, induced, enticed, and coerced Doe to engage in sexual activity with him. At the time the sexual activity occurred, Doe was 15 years old.

13. Based on the totality of this investigation, I have probable cause to believe Underwood enticed and attempted to entice Doe to engage in sexual activity for which he could have been charged with a criminal offense in violation of 18 U.S.C. § 2422(b). Specifically, Underwood used a cellular telephone and social media to persuade, induce, entice, or coerce, or attempt to do so, Doe, a child that was less than 18 years of age, to engage in sexual conduct, for which Underwood could be charged with the criminal offense of a violation of Texas Penal Code Section 21.11 (Indecency with a Child), which makes it a crime to intentionally or knowingly engage in sexual contact with a child younger than 17; or with the intent to arouse or gratify the sexual desire of any person, expose the person's anus or any part of the person's genitals, knowing that a child younger than 17 is present; or cause a child younger than 17 to expose the child's anus or any part of the child's genitals.

14. Based on the information above, I have probable cause to believe that Cole Underwood violated Title 18, United States Code, Section 2422(b), that is, Enticement and Attempted Enticement of a Minor, from in or around November 2023, to on or about April 23, 2024, and respectfully ask that this Court issue a warrant for his arrest.

Nathan Newland
Special Agent
Federal Bureau of Investigation

6

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 3rd day of June, 2024.

Lee Ann Reno
UNITED STATES MAGISTRATE JUDGE

7